United States District Court
Southern District of Texas

**ENTERED**

May 06, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Dana Bowman, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-4356 |
| | § | |
| 1933 Argo Rd, LLC, et al., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**
**ON DEFENDANTS' MOTION TO DISMISS AND**
**ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 40. Pending before the court is Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement. ECF No. 39. The court recommends that the Motion be **DENIED**.

## 1. Background Facts and Procedural History

Plaintiff Dana Bowman is an advocate for disabled veterans. Compl., ECF No. 1 at 3. He is, himself, a disabled veteran. *Id.* While in the U.S. Army, Bowman suffered a service-related parachuting injury, which led to the loss of the lower half of both of his legs. *Id.* He now uses prosthetic legs, wheelchairs, and other assistive devices for mobility. *Id.* Bowman states that as a handicapped individual, he is generally concerned about whether apartments are accessible and usable for people with disabilities. *Id.* at 8.

On September 12, 2025, Bowman filed suit against 1933 Argo Rd, LLC; Argo 60, LLC; Kraned Structures, Inc.; and Vladimir Kamyshin (Defendants) under the Fair Housing Amendments Act of 1988 (FHA), 42 U.S.C. §§ 3601–19.

Compl. at 1. Defendants are, respectively, the owner, manager, construction company, and developer of the Argo Pointe Apartments, 1933 Argo Road, Conroe, TX 77301 (Property). *Id.* at 3–4. According to Bowman, each Defendant participated in the design and construction of the Property. *Id.* Bowman alleges that the Property "lack[s] various mandatory elements required by the FHA," which are "necessary to make the [Property] accessible and usable for people with disabilities." *Id.* at 7. He asserts that by failing to design and construct the Property in an accessible manner, Defendants violated Section 3906 of the FHA. *Id.* at 1, 8–9, 11–12.

Bowman's Complaint describes his "recent"[1] visit to and tour of the Property, including its public and common areas and one or more units. Compl. at 7–8. Bowman states that he observed and encountered structural accessibility barriers at the Property that would affect his ability to access and independently use its facilities and features. *Id.* He asserts that while he was offered a unit at the Property for rent, the Property's accessibility barriers were a deterrent to disabled persons, like him, renting an apartment. *Id.* at 7. He alleges that the accessibility barriers that he encountered caused him to suffer injuries, "including frustration, physical difficulty, indignation, and emotional distress." *Id.* at 8. For the alleged violations and resulting harm, Bowman seeks declaratory, monetary (compensatory damages, including costs and fees, as well as punitive damages), and injunctive relief. *Id.* at 1, 12–13. Specifically, Bowman seeks a declaration that the Property violates the FHA and an injunction

---

[1] In response to Defendants' Motion to Dismiss, ECF No. 39, Bowman provided evidence demonstrating that the date of his visit and tour was August 27, 2025. ECF Nos. 41 at 10, 41-1. However, for the purposes of this Memorandum and Recommendation, the court does not consider evidence outside of Bowman's Complaint.

requiring Defendants to comply with the FHA's requirements. *Id.* at 4.

### *2. Bowman's Claims Under the Fair Housing Act*

Bowman alleges that Defendants violated three provisions of Section 3906 of the FHA. Compl. at 1, 8–9, 11–12. Section 3604 describes actions that are discriminatory, and thereby unlawful, in the "sale or rental of housing." Subsection (3)(C) identifies the requirements for design and construction of multifamily dwellings first occupied after March 13, 1991. It specifies that "covered multifamily dwellings" must be designed and constructed such that:

> (i) the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons;
>
> (ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs; and
>
> (iii) all premises within such dwellings contain the following features of adaptive design:
>
>> (I) an accessible route into and through the dwelling;
>>
>> (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations;
>>
>> (III) reinforcements in bathroom walls to allow later installation of grab bars; and
>>
>> (IV) usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

42 U.S.C. § 3604(f)(3)(C). Bowman asserts that Defendants designed and constructed the Property such that it fails to comply with the statutory requirements. Compl. at 1, 3, 7.

Additionally, Bowman asserts that because Property fails to comply with Section 3604(f)(3)(C), Defendants have constructively denied Bowman, and other handicapped individuals, access to an apartment at the Property and its facilities. Compl. at 7–8, 10–11. He alleges that such denial of access violates Sections 3604(f)(1) and 3604(f)(2). *Id.* Section 3604(f)(1) provides that it is unlawful

> [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--
>
> (A) that buyer or renter,
>
> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available, or
>
> (C) any person associated with that buyer or renter.

42 U.S.C. § 3604(f)(1). Similarly, Section 3604(f)(2), states that it is unlawful

> [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
>
> (A) that person; or
>
> (B) any person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
> (C) any person associated with that person.

42 U.S.C. § 3604(f)(2).

### 3. *Defendants' Motion to Dismiss*

On February 20, 2026, Defendants filed their Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). ECF No. 39. Defendants argue that Bowman lacks standing under the FHA because he has not asserted an injury in fact. *Id.* at 5, 13–19. Accordingly, they seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *Id.* Additionally, Defendants argue that Bowman's

4

Complaint fails to state a claim under Rule 12(b)(6). *Id.* at 19–21. In the alternative, Defendants move for a more definite statement under Rule 12(e), asserting that Bowman's Complaint lacks sufficient detail. *Id.* at 21–22. Bowman opposes the Motion. ECF No. 41.

### 4. Rule 12(b)(1) Standard and Analysis

Defendants move to dismiss Bowman's Complaint under Rule 12(b)(1) for lack of standing. ECF No. 39. A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Federal courts are courts of limited jurisdiction[,]" and the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F,3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. CONST. art. III, § 2). Constitutional "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction [that] can be raised at any time by either party or the court." *Id.* at 338.

The burden to demonstrate standing changes "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotation omitted). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim

that would entitle plaintiff to relief." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

The three requirements of constitutional standing are that (1) the plaintiff suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo*, 578 U.S. at 338. Even when these constitutional requirements are met, "a plaintiff may still lack standing under the prudential principles by which the judiciary seeks to avoid deciding questions of broad social import where no individual rights would be vindicated . . . ." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99–100 (1979). However, through legislation, Congress may bypass the judiciary's prudential standing requirements to broadly confer standing to the full extent permitted by Article III. *Id.* at 100. It did just that in the FHA. *Bank of Am. Corp. v. City of Miami*, 581 U.S. 189, 197 (2017).

Under the FHA, any "aggrieved person" may file a lawsuit to obtain relief for an alleged discriminatory housing practice. 42 U.S.C. § 3613(a). An "aggrieved person" is "any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such a person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3602(i). "[T]he sole requirement for standing to sue under [Section 3604] is the [Article] III minima of injury in fact: that the plaintiff allege that as a result of the defendant's actions he has suffered 'a distinct and palpable injury[.]'" *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Bowman's Complaint alleges facts sufficient to establish standing. As to injury, Bowman alleged that during his tour of the Property, he "observed and encountered accessibility barriers" and the "lack [of] various mandatory elements required by the FHA" in

6

Section 3604(f)(3)(C). Compl. at 7. He pleaded that such barriers would interfere with his ability to access and use the facilities because he would be unable to independently use certain features of the Property. *Id.* He pleaded that encountering the accessibility barriers and lack of usable features caused him to suffer injuries, including "frustration, physical difficulty, indignation, and emotional distress." *Id.* at 8. Additionally, Bowman alleged that the accessibility barriers function as a deterrent—for himself and for other disabled persons—to rent an apartment from, and even to visit, the Property. *Id.* at 7–8.

As to causation, Bowman's Complaint states that each of the named Defendants participated in the design and construction of the Property. Compl. at 3–4. It is a discriminatory housing practice, under Section 3604(f)(3)(C), to design and construct multifamily dwellings, like the Property, that fail to comply with the statutes' requirements. The Complaint alleges that because of the accessibility barriers that Bowman observed and encountered, Defendants effectively denied Bowman access to an apartment at the Property and its facilities, in violation of Subsections (f)(1) and (f)(2).

And as to redressability, Bowman seeks actual and punitive damages, attorney's fees, costs, and injunctive relief. *Id.* at 12–13. Such relief is authorized under the FHA. It permits an aggrieved person to recover actual and punitive damages, including reasonable attorney's fees and costs. 42 U.S.C. § 3613(c). It also permits the court to award injunctive relief in the form of "any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." *Id.*

Having sufficiently alleged injury, causation, and redressability, Bowman has standing to assert his FHA claims against Defendants.

In their Motion to Dismiss, Defendants argue that Bowman fails to meet the injury-in-fact standard announced in post-*TransUnion*[2] case law. ECF No. 39 at 13–19. Defendants assert that Bowman suffered no injury in fact. *Id.* at 14. They characterize Bowman as a "tester"—a person who, without the intent to actually rent an apartment, poses as a prospective renter for the purpose of collecting evidence of FHA violations. *Id.* at 14 (citing *Havens Realty*, 455 U.S. at 373). According to Defendants, an uninjured "tester" cannot be an "aggrieved person" under the FHA, so Bowman lacks standing to bring his claim. *Id.* at 15 (citing *Laufer v. Mann Hospitality, L.L.C.*, 996 F.3d 269 (5th Cir. 2021)).

In *Laufer*, the tester-plaintiff sued an inn under the Americans with Disability Act (ADA) because the information about the inn, available on third-party websites, "failed to identify rooms accessible to disabled persons like her." 996 F.3d at 271. The tester-plaintiff had not visited the inn, and she had no plans to do so in the future. *Id.* The Fifth Circuit affirmed the district court's dismissal of the lawsuit under Rule 12(b)(1) for want of injury in fact. *Id.* The Court explained that the tester-plaintiff "fail[ed] to show how the alleged violation affect[ed] her in a concrete way" because "she [did] not claim she tried to book a room or even intended to do so." *Id.* at 272.

---

[2] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) ("[U]nder Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.") (emphasis in original).

The court is not persuaded by Defendants' argument that Plaintiff lacks standing under the holdings in *TransUnion* and *Laufer*. First, neither *TransUnion* nor *Laufer* overruled *Havens Realty*. In *Havens Realty*, the Supreme Court held that under the FHA, a tester can be an aggrieved person who has standing to sue under Section 3604 of the FHA. 455 U.S. at 373–74. In *TransUnion*, the Supreme Court held only that a plaintiff must suffer a concrete injury to have standing under Article III. 594 U.S. at 427. At the same time, the Court recognized that "Congress may 'elevate to the states of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law,'" such as injury caused by discriminatory actions. *Id.* at 425–26 (citing *Allen v. Wright*, 468 U.S. 737, 756–57 (1984) (holding, in the context of racial segregation, that an injury resulting from discriminatory practices is judicially cognizable and "one of the most serious injuries recognized in our legal system")).

The Fifth Circuit in *Laufer* acknowledged that the "case differed from the Supreme Court's seminal 'tester' case, *Havens Realty*," as *Laufer* raised the issue of tester-standing under the ADA, not the FHA. 996 F.3d at 273. Moreover, in contrast to the tester-plaintiff in *Laufer*, who merely viewed information about the inn on the internet, Bowman visited and toured the Property and was offered a unit for rent. Bowman personally observed and encountered design defects and accessibility barriers at the Property, which, he alleges, caused him to suffer injury. Such an injury is a concrete injury in fact, unlike the harm asserted by the tester-plaintiff in *Laufer*.

9

At this early stage of the case, Bowman's pleadings are sufficient. For these reasons, the court finds that Bowman sufficiently alleged that he has standing to sue under the FHA. Defendants' Motion to Dismiss Bowman's Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) should be **DENIED**.

### 5. *Rule 12(b)(6) Standard and Analysis*

Defendants also move to dismiss Bowman's Complaint under Rule 12(b)(6). ECF No. 39. Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court must constrain its review to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Id.* at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Bowman asserts three claims under Section 3604 of the FHA. Compl. at 11–12. "To state a claim under the FHA, plaintiffs must allege facts that make it plausible, rather than merely conceivable, that the defendants' conduct fell within the terms of the statute." *Hood v. Pope*, 627 F. App'x 295, 298 (5th Cir. 2015). "The allegations must amount to more than a 'formulaic recitation of the elements' of a discrimination claim; a complaint that pleads facts that are 'merely consistent with' a defendant's liability is insufficient." *Id.*

11

Bowman's Complaint pleads facts sufficient to plausibly allege Defendants' liability under Section 3604 of the FHA. The Complaint states that Bowman is a legally handicapped individual who uses prosthetic legs, wheelchairs, and other assistive devices. Compl. at 2–3. It alleges that Bowman "recently visited the Property, toured public and common areas, and looked at one or more units." *Id.* at 7. It states that during his visit to the Property, Bowman personally observed and encountered accessibility barriers. *Id.* It identifies a non-inclusive list of the alleged barriers. *Id.* For example, it states that the Property lacks accessible routes to public walkways, trash dumpsters, centralized mailboxes, and site amenities; that the Property's entry doors have difficult-to-use knob-style hardware; that narrow interior- and exterior-path clearances prohibit proper wheelchair maneuverability; and that certain thermostats, light switches, and electrical outlets are located out of reach for persons in wheelchairs. *Id.*

As to Bowman's claim under Section 3604(f)(3)(C), the Complaint alleges that Defendants failed to design and construct the Property such that it meets the stated requirements of the FHA and other accessibility standards. Compl. at 6–7. It alleges that each Defendant participated in the design and construction of the Property, thereby participating in a discriminatory action under the FHA. *Id.* at 3–4, 8. And it states that the FHA applies to the Property, as the Property contains multifamily dwellings that were first designed and constructed for occupancy after March 13, 1991. *Id.* at 7, 11.

The Complaint also alleges that because of the Defendants' failure to design and construct the Property in an accessible manner, Bowman, and other handicapped individuals, are constructively denied the ability to rent from the Property and use its facilities, in violation of Sections 3604(f)(1) and 3604(f)(2). Compl. at 7–8, 10–12. It states that the accessibility barriers

12

prevent Bowman, and other handicapped individuals, from independently using certain features of the Property. *Id.* at 7. It alleges that the accessibility barriers effectively deny handicapped individuals the ability to visit tenants of the Property. *Id.* at 8. And it alleges that absent remediation, the constructive denial to handicapped individuals of rental privileges and facility use and access will continue indefinitely. *Id.*

Bowman's Complaint states that Bowman is an "aggrieved person" under Section 3602, as he was personally injured by Defendants' discriminatory housing practice, and he believes that other handicapped individuals will be injured if the discriminatory practices are left uncured. *Id.* at 8, 11. The Complaint identifies the alleged injuries that Bowman suffered as a result of Defendants' failure to design and construct the Property with accessible features, as well as the relief Bowman seeks. *Id.* at 8, 12–14.

Defendants assert that Bowman failed to sufficiently plead facts to state a claim, ECF No. 39 at 5. In their Motion to Dismiss, Defendants argue that Bowman's Complaint lacks sufficient detail, including:

- Whether he used a wheelchair during his visit to and tour of the Property;

- The specific locations of the alleged accessibility barriers;

- Whether his access to the Property was "actually affected" by the alleged accessibility barriers;

- The details the unit he was allegedly offered (including the unit number, the date of the offer, and the specific terms of the rental offer);

- Whether he actually intended to rent a unit at the Property; and

- Whether the alleged barriers deterred him from renting a unit at the Property.

*Id.* at 7–9, 12.

13

The details sought by Defendants are not required under the Rule 8 standard. Bowman's Complaint need only include a short and plain statement of Bowman's claims under the FHA. It does that. Bowman's allegations amount to more than mere speculation or a formulaic recitation of the elements. Bowman alleged that he encountered accessibility barriers, not that he merely observed them. He alleged that the accessibility barriers that he encountered caused him to suffer injury and functioned as a deterrent to disabled individuals, like him, from renting a unit at the Property. And as a bilateral below-the-knee amputee, it is, at the very least, plausible that he required the use of an assistive device during his visit. Bowman plausibly alleged that Defendants' conduct falls within the terms of Sections 3604(f)(1), 3604(f)(2), and 3604(f)(3). Accordingly, Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) should be **DENIED**.

### 6. Motion for More Definite Statement

Defendants alternatively move for a more definite statement under Rule 12(e). The Rule provides that a party may move for a more definite statement of a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The court has concluded that Bowman's Complaint provides sufficient detail to state a claim under the FHA. It is far from "vague or ambiguous." Accordingly, Defendants' Alternative Motion for a More Definite Statement should be **DENIED**.

### 7. Conclusion

The court recommends that Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement, ECF No. 39, be **DENIED**.

14

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May __6__, 2026.

_____
Peter Bray
United States Magistrate Judge